**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000313
28-MAY-2025
07:44 AM
Dkt. 61 SO**

NO. CAAP-22-0000313

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED
PASS-THROUGH CERTIFICATES, SERIES 2003-AR3, UNDER THE
POOLING AND SERVICING AGREEMENT DATED JUNE 1, 2003,
Plaintiff/Counterclaim Defendant-Appellee,
vs.
GORDON KELIIKIPI CHARLES MOORE, also known as
GORDON K.C. MOORE; MARGARET K. MOORE,
TRUSTEE OF THE MOORE FAMILY IRREVOCABLE
TRUST UNDER THAT CERTAIN UNRECORDED TRUST
AGREEMENT DATED AUGUST 1, 2005,
Defendants/Counterclaimants/
Cross-Claim Defendants-Appellants,
and
IMELDA PESTA; JACQUELINE ASING;
WAILUNA RECREATION ASSOCIATION,
Defendants/Cross-Claim Defendants-Appellees,
and
AOAO OF THE CREST AT WAILUNA,
Defendant/Counterclaimant/
Cross-Claim Plaintiff-Appellee,
and
WAILUNA RECREATIONAL ASSOCIATION,
Defendant/Counterclaim/Cross-Claim Plaintiff-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
AND DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151000227)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen, and Guidry, JJ.)

Defendants/Counterclaimants-Appellants Gordon Keliikipi Charles Moore, aka Gordon K.C. Moore, and Margaret K. Moore, as Trustee of the Moore Family Irrevocable Trust Under that Certain Unrecorded Trust Agreement Dated August 1, 2005 (**Moores**), appeal from the April 21, 2022 Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  The Moores also challenge, *inter alia*, the Circuit Court's April 21, 2022 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting Plaintiff's Motion for (1) Summary Judgment Against All Defendants and Interlocutory Decree of Foreclosure; (2) Summary Judgment on All Claims Asserted in Defendant Gordon Keliikipi Charles Moore's *Amended Counterclaim* Filed September 4, 2018; and (3) Summary Judgment on All Claims Asserted In Defendant Margaret K. Moore, Trustee of The Moore Family Irrevocable Trust Under that Certain Unrecorded Trust Agreement Dated August 1, 2005's *Counterclaim* Filed March 26, 2020, Filed January 28, 2022 (**Foreclosure Decree**).

The Moores raise six points of error on appeal, contending that the Circuit Court erred in:  (1) denying the Moores' motion to compel discovery; (2) entering the Foreclosure Decree, specifically including FOFs 1, 7, 9-15, 17-18, 20-26, 29-32, 34-41, 43-45, 47, and 49;[2] (3) entering COLs 1-24 in the Foreclosure Decree; (4 & 5) entering the Foreclosure Decree and

---

[1]     The Honorable John M. Tonaki presided.

[2]     The Moores assert that FOF 14 is irrelevant on standing.

2

Judgment based on the foregoing errors; and (6) denying the Moore's May 5, 2022 stay motion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Moores' points of error as follows:

(1)  The Moores argue that the Circuit Court abused its discretion when it entered the April 20, 2022 Order Denying [the Moores'] Motion to Compel Discovery from the Plaintiff and for an Order that the Requests for Admissions are Deemed Admitted (**Order Denying Motion to Compel**).  The Moores argue, generically, that they "were seeking by appropriate discovery requests necessary information about standing so they could defend this action." The Moores do not identify any specific discovery request that should have been compelled.  Nor did they provide record citations or specific argument supporting a conclusion that the Circuit Court abused its discretion.  It appears from the record that Plaintiff/Counterclaim Defendant-Appellee Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-AR3, Under the Pooling and Servicing Agreement Dated June 1, 2003 (**Deutsche Bank**) argued that it had responded to each of the Moore's 18 separate discovery requests – requests for productions of documents, requests for answers to interrogatories, requests for admission, and perhaps others that this court was unable to glean upon its own review – except for one request for an admission concerning a corporate merger, where Deutsche Bank

purportedly made a "reasonable inquiry" concerning the matter and was unable to admit or deny. Without further cognizable argument, we cannot conclude that the Circuit Court abused its discretion in entering the Order Denying Motion to Compel.

(2-5) The gravamen of the Moores' arguments is that Deutsche Bank did not establish that it had standing to sue for foreclosure. To establish standing, the "plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017). "Whether a party is entitled to enforce a promissory note is determined by application of HRS § 490:3-301." Id. at 369, 390 P.3d at 1256. HRS § 490:3-301 (2008) states in relevant part:

> **§490:3-301  Person entitled to enforce instrument.** "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 490:3-309 or 490:3-418(d).

As a promissory note is a negotiable instrument, a lender is entitled to enforce the note if it is the holder. Bank of Am., N.A. v. Hill, CAAP-13-0000035, 2015 WL 6739087, at *5 (Haw. App. Oct. 30, 2015) (mem. op.). "A person can become holder of an instrument when the instrument is issued to that person." HRS § 490:3-201 (2008) cmt. 1. Reyes-Toledo further provides that

> a special indorsement [of an instrument] occurs if the indorsement is made by the holder of an instrument and the indorsement identifies a person to whom it makes the instrument payable. HRS § 490:3-205(a). When an instrument is specially indorsed, it becomes payable

4

> to the identified person and may be negotiated only by
> the indorsement of that person.

139 Hawaiʻi at 370, 390 P.3d at 1257.

> A blank indorsement [of an instrument] occurs when an
> indorsement is made by the holder of an instrument and
> is not a special indorsement; in other words, a blank
> indorsement is not payable to an identified person.
> [HRS] § 490:3-205(b). **When indorsed in blank, an
> instrument becomes payable to bearer and may be
> negotiated by transfer or possession alone** until
> specially indorsed.

Id. (Emphasis added).

Thus, when a lender forecloses on a mortgage secured by a promissory note, the lender may establish standing via proof it physically possessed the blank-indorsed note at the time it filed the complaint. Id.

Here, the record indicates the subject note (**Note**) was originally made payable, or issued, to Argent Mortgage Company LLC (**Argent**). The Note contains a special endorsement, signed by Argent, making the Note payable to Ameriquest Mortgage Company. The Note contains a further "blank" indorsement, signed by Ameriquest Mortgage Company. The blank indorsement is not dated. However, two declarants testified that the Note was indorsed in blank by Ameriquest Mortgage Company when Deutsche Bank's attorneys received it on October 29, 2014, and the Note remained in counsel's physical possession through February 10, 2015, when the complaint was filed. See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 328 n.11, 489 P.3d 419, 432 n.11 (2021) ("[When] standing is based on possession of a Note indorsed in blank, the admissible evidence must also show that the blank indorsement occurred before the initiation of the suit."). Thus, we conclude there is admissible

evidence in the record sufficient to support the Circuit Court's conclusion that the Note had been indorsed in blank and was in the possession of Deutsche Bank, through its agent, at the time the complaint was filed.  See Deutsche Bank & Tr. Co. Ams. as Tr. for Am. Home Mortgage Inv. Tr. 2006-2 , Mortgage-Backed Notes, Series 2006-2 v. Scilla, Nos. CAAP-20-0000355 and CAAP-22-0000411, 2024 WL 4275584, at *1 (Haw. App. Sept. 24, 2024) (SDO) (concluding that testimonial evidence of the date the lender received the original blank-indorsed note was "sufficient for the Circuit Court to conclude the Note was indorsed in blank when [the lender] took possession of it, prior to filing the Complaint"); Verhagen, 149 Hawaiʻi at 327-28, 489 P.3d at 431-32 (noting that a foreclosing party may establish it is the holder of a note by showing that its agent physically possessed it).  We conclude that Deutsche Bank satisfied the requirements to prove standing to enforce the Note under Hawaiʻi law.

The Moores raise various other arguments concerning Deutsche Bank's standing including, *inter alia*, that certain initials on the Note are forgeries.  The Moores point to no evidence in the record and raise no cognizable argument supporting their assertion of forgery.

The Moores argue that Deutsche Bank failed "to plead and prove" that it is the current trustee of the Asset-Backed Pass-Through Certificates, Series 2003-AR3, Under the Pooling and Servicing Agreement Dated June 1, 2003 (the **Trust**) identified in the caption, and related arguments.  However, the authorities relied on by the Moores do not support their arguments.

Moreover, even if Deutsche Bank were required to prove its capacity as trustee, its declarant introduced and authenticated, *inter alia*, a Pooling and Servicing Agreement Dated as of June 1, 2003, which named Deutsche Bank as the trustee of the Trust. The Moores presented no evidence contradicting these documents and testimony, nor did they challenge the admissibility of the Pooling and Servicing Agreement.

We have carefully reviewed each of the Moores' many and various challenges to Deutsche Bank's standing and conclude that they are without merit. The Circuit Court did not err in entering the Foreclosure Decree based on a failure to establish standing.

(6) The Moores filed a motion for stay on May 5, 2022, after entry of the Judgment. The Circuit Court orally denied the motion for stay on June 9, 2022, but no written denial order appears in the record. Because the stay motion was not filed or decided until after the Judgment was entered, it is a post-judgment proceeding. Under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3), "[t]he notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order." Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 62 governs stays of proceedings to enforce a judgment, and it has no prescribed time limit for filing a stay motion. Cf. HRCP Rules 54(d)(2)(B), 59(e). Therefore, the motion for stay could not be considered a "timely filed" post-judgment under HRAP Rule 4(a)(3).

Accordingly, the appeal from the April 21, 2022 Judgment does not bring up for review the denial of the motion for stay.[3]

For these reasons, the Circuit Court's April 21, 2022 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 28, 2025.

On the briefs:

R. Steven Geshell,
for Defendants/Counterclaimants-
Appellants.

Jade Lynne Ching,
David A. Nakashima,
Ryan B. Kasten,
(Nakashima Ching),
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[3] This Summary Disposition Order should not be construed as addressing whether the Moores could otherwise properly appeal from a written order denying the motion for stay.